### BROWN v BANKS

Ohio Appeals, 5th Dist, Muskingum Co

Decided March 19, 1931

Graham & Graham, Zanesville, for Brown.

W. O. Secrest, Zanesville, for Banks.

LEMERT, J.

It is to be noted in the Petition, to which a demurrer was addressed and sustained in the court below, that the petition sets forth that the defendant in error George Banks had a contract with the defendant in error Verna Owens, to repair a certain dwelling house belonging to Verna Owens, and that the contract was that George Banks was to pay for the work and material furnished and was to receive therefor a certain sum of money. Such allegation in the petition then would bring the defendant in error George Banks under §8312 GC, and the question then presents itself as to whether or not the defendant in error George Banks has complied with said section, and whether or not he could secure a valid lien on the premises. So that the main and principal question to be considered in this case is whether or not the posting of the affidavit as provided and

required by statute was premature, or, in other words, as to whether or not the posting of the affidavit should not have taken place, until the expiration of thirty days after the filing of said affidavit for record.

We are therefore compelled to look to the allegations of the petition, which are to the effect that the owner of the premises, nor his agent, could be found within the county after the completion of the work, nor at the time of the filing of the affidavit for a lien.

Sec. 8315, GC, provides: Every person filing such affidavit as provided in the preceeding section shall, within thirty days after the filing thereof, serve on the owner, part owner, or lessee, of such premises, or his agent, a copy thereof, but if neither of such persons can be found within the county where such premises are situated, then such copy shall be served by posting the same in some conspicuous place on the premises within ten days after the expiration of the thirty days."

So, then, it becomes important for a proper decision of this case to determine when copy must be served. In a very valuable work, known as "Demann on Mechanics' Lien Law," page 167, Section 108:

"It is provided by the law that the copy of the affidavit must be served within thirty days after the filing, or, if the owner, part owner, or lessee, can not be found, it may be served by posting in some conspicuous place on said premises, within ten days after the expiration of said thirty days. Where service of a copy of an affidavit for a Mechanic's Lien is made on the owner a day or two before the original is filed with the County Recorder, but within the sixty day period within which the affidavit may be filed, it is a sufficient compliance with the statute for the purpose of perfecting a lien."

In a very well considered case, that of Ulmer et al, v Portage Construction Company et al., to be found in 26 O. N. P. N. S., beginning at page 257, in the 16th syllabi of that case, it will be noted:

"Where service of a copy of an affidavit for Mechanics' Lien is made on the owner a day or two before the original is filed with the County Recorder, it is a substantial compliance with §8315 GC, providing that the copy must be served within thirty days after filing."

On pages 300 and 301 of the opinion in that case the court said:

"The fact, if it be a fact, that the copy of the affidavit for a lien was served on the owner before the affidavit itself was filed with the Recorder, instead of within thirty days thereafter, will not invalidate the lien."

This conclusion is supported by the language of the Supreme Court of Michigan, in the case of Fairbairn v Moody et al, 116 Mich. 61, when, under the Mechanics' Lien Law of Michigan, it was provided that the notice must be served within ten days after the filing of the affidavit. The Supreme Court of the State of Michigan announces this conclusion in the following language:

"Where service of a notice of filing a Mechanics' Lien was made on the day of its date and one day before filing, it is a substantial compliance with the Mechanics' Lien Act providing that the notice must be served within ten days after the filing."

In the case of Phillips v Brayham & Company, 19 N.P.N.S. 229, the holding of the court in that case is in the following language:

"The sworn statement required by the provisions of §8312 GC, to be served on the owner in order to perfect a Mechanics' Lien upon the owner's premises is not required to be served prior to the time of filing the affidavit for lien in the office of the County Recorder, but may be served at any time before the time to file the lien expires, the lien not becoming effective until the statement is served."

We recognize that it is a well established principle of law in Ohio and other jurisdictions that Mechanics' Liens are purely statutory, and that there is no intendment in their favor, and they must show upon their face all the statutory requisites to their validity.

In 18 Ruling Case Law, under the subject of Mechanics' Liens, under §57, which deals with proceedings to obtain a lien, it is to be noted:

"In many cases it is settled that a strict compliance with the statute must be shown, but this doubtless means that all the statutory steps must be taken and that the notice or statement of the lien shall contain all the averments required by the statute. As to the manner of setting forth or stat-

ing the facts to be embodied in the lien notice, however, it need not have the definiteness of a pleading, and it is generally considered that substantial compliance, in good faith, with the requirements of the statutes in these respects is sufficient."

Therefore we note that the statement in the petition in the instant case is that "nor could said owner or her agent be found within the county." In §8312 GC the language is, "If neither such owner, part owner, or lessee, nor his agent, can be found within the county." In view of the fact that the lien in the instant case and contract of repair was with the owner of the premises, by comparison it is noted that the statement as to the service of a copy of the affidavit is as wide and broad as the statute in §8315, GC. The only question, then, is, was the posting of this notice before the expiration of the thirty days a substantial compliance with the statute?

It might be stated that in the instant case that the owner of the premises might have been in the county at or covering the time in question, or she might have been within the county within the forty days, and yet not be found by the holder of the lien. Certainly the statute does not require the petition to set forth the effort made to locate the owner or agent in the county. If she were here and not found, it might be made a matter of defense, but when the language of the petition is as wide as the language of the statute in the pleading of ultimate facts, we find, believe and hold, that the demurrer in the court below was rightfully overruled.

It therefore follows that the finding, ruling and judgment of the court below will be and the same is hereby affirmed.

Exceptions may be noted.

SHERICK, J, and MONTGOMERY, J, concur.